IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

JOHN WILLIAM HORSLEY, et al., )
           Plaintiff, )
) Case No. 2:12-cv-00104
v. ) Judge Sharp / Knowles
)
STATE OF TENNESSEE DEPARTMENT OF )
CHILDREN'S SERVICES and JACKSON )
COUNTY MIDDLE SCHOOL, )
)
           Defendants. )

## REPORT AND RECOMMENDATION

Pending before the Court are two Motions to Dismiss: one filed by Defendant State of Tennessee, Department of Children's Services ("DCS") (Docket No. 8); and the other filed by Defendant Jackson County Middle School (Docket No. 12).[1] Both parties have contemporaneously filed supporting Memoranda of Law. Docket Nos. 9, 13.

Plaintiff has not responded to either Motion.

Plaintiff, pro se, filed this action on behalf of himself and his minor child ("DH"), alleging that his child "was denied his 6th amendment rights, the right to due process." Docket No. 1. The allegations of Plaintiff's Complaint, in their entirety, are as follows:

> In early Sept. 2012 [DH] had a nonphysical confrontation with his father [Plaintiff]. The sheriff was called and no charges were filed. A court date was set for Sept. 17th. After the court date DCS was

---

[1]As will be discussed infra, Jackson County Middle School contends that the Jackson County Board of Education is actually the proper party to be sued. Docket No. 13.

1

> assigned to [DH] by Judge Tiffany Gibson. Carla Ellison from Kidsfirst was assigned as [DH's] therapist. Early Aug. [Plaintiff] was on the road and got a call from Pam Lawson and [DH] was upset because Jackson County Middle School was placing him in ALC for not doing his homework. The sheriff was called again and no charges were filed. [Plaintiff] called Richard Chaffing Vise [*sic*] Principal of Jackson County middle school to protest, because no student had ever been suspended 10 days for not doing their homework. 15 minutes after that phone call DCS called and said we were having an early court date. [DH] had received his 9 week review with 3 Bs and two Fs a week before this phone call. A few days after going into alc he got another 9 week review that had one B one C one D And two Fs. We believe DCS and the school was working together, to alter evidence against [DH]. Shortly after Carla Ellison was removed as [DH's] therapist and replaced with another. The next therapist Had no contact with [Plaintiff] and would not talk to him. She would only come when [Plaintiff] was working and he does not know her name. [DH] did not like or get along with this person. She went to [DH's] school for a meeting with [DH] and decided then he would be taken out of the home. [DH's] court date was Oct. 2 2012. In court Judge Tiffany Gibson asked the school officials that were present if [DH] was doing good in school. They responded that [DH] was doing great and there were no problems. Judge Gibson asked [DH] if he wanted a hearing and he responded yes he did. A lawyer was appointed 10 mins. before the hearing. The lawyer did not know what was going on, and did not defend [DH] properly. [DH] was taken into DCS custody Oct. 2nd 2012 and remains in DCS custody.

*Id.* (capitalization original). Plaintiff seeks the overturning of DH's unruly conviction and the release of DH from DCS custody. *Id.* Plaintiff also seeks an "Undisclosed amount for Pain and suffering If the court Deems Fit." *Id.* (capitalization original).

Defendants raise numerous grounds for dismissal in their Motions to Dismiss and supporting Memoranda of Law. *See* Docket Nos. 8, 9, 12, 13. Because of their dispositive nature, the undersigned will address only the two most compelling of those arguments.

As has been noted, Plaintiff's primary relief requested is that this Court overturn [DH's] unruly conviction and order the release of [DH] from DCS custody. *See* Docket No. 1. This

2

Court lacks subject matter jurisdiction to overturn a state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (collectively known as the *Rooker-Feldman* doctrine, which essentially states that, because appellate review of state judgments is vested in the Supreme Court, it follows that such review cannot be done by lower federal courts.)

The Supreme Court recently clarified the *Rooker-Feldman* doctrine, stating:

> The *Rooker-Feldman* doctrine ... is confined to cases of the kind from which the doctrine acquired its name: cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005).

The Sixth Circuit had also recently discussed the kind of injuries the doctrine precludes from review, stating:

> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick v. Braverman*, 451 F.3d 382, 394-95 (6th Cir. 2006).

Where the source of the injury is both a state court decision and third party actions, the Sixth Circuit instructs a determination to be made regarding whether the injury is "inextricably intertwined" with the state court decision; if it is, then the *Rooker-Feldman* applies. *Id.*, at 395. An injury is "inextricably intertwined" with the state court decision when "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Peterson*

3

*Novelties, Inc. v. City of Berkeley*, 305 F.3d 386, 391 (6th Cir. 2002).

As has been discussed, Plaintiff asks this Court to overturn [DH's] unruly conviction and Juvenile Court Judge Gibson's order declaring [DH] dependent and neglected and awarding custody to DCS. Docket No. 1. While Plaintiff's Complaint can be liberally construed to aver that the underlying injury was caused by the third party actions of Defendant DCS and Defendant "Jackson County Middle School," any such injury would be "inextricably intertwined" with the state court decision, as there is simply no way this Court can grant Plaintiff the relief he seeks without reviewing the actions of the Juvenile Court of Jackson County in a prohibited appellate manner. Accordingly, pursuant to the prohibitions of the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over this action, and Defendants' Motions to Dismiss should be
GRANTED.

Moreover, to the extent that Plaintiff seeks monetary damages, Plaintiff cannot recover against Defendant DCS because the Department of Children's Services is a branch of the State of Tennessee, which is not a "person" subject to suit within the meaning of 42 U.S.C. 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

With regard to any monetary damages Plaintiff seeks against Defendant "Jackson County Middle School," "Jackson County Middle School," as an individual school, is not an entity capable of being sued. Rather, the proper entity for suit is the Jackson County Board of Education. *See* Tenn. Code Ann. §§ 49-2-201; 49-2-203. Jackson County Board of Education has not been named as a party in this action or served. Even if Plaintiff had named Jackson County Board of Education as a Defendant and properly served it, he would not be able to recover

4

monetary damages against it because Plaintiff's Complaint fails to allege facts that the Jackson County Board of Education "caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Baar v. Jefferson County Bd. of Educ.,* 476 Fed. Appx. 621, 636-37 (6th Cir. 2012). Accordingly, Plaintiff is unable to recover monetary damages from either the Jackson County Middle School or the Jackson County Board of Education.

For the reasons discussed above, the undersigned recommends that Defendants' Motions to Dismiss (Docket Nos. 8, 12) be GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　E. CLIFTON KNOWLES
　　　　　　　　　　　　　　　　　　United States Magistrate Judge